UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
UNITED STATES OF AMERICA,

              Plaintiff,

      -against-

WILLIAM BECKHANS,

             Defendant.
----------------------------------------------x

MEMORANDUM AND ORDER
13 CR 675 (ILG)

GLASSER, United States District Judge:

The defendant moved this Court for an Order that would suppress, among other things, a Sprint HTC mobile telephone seized from him incident to his arrest on April 24, 2013, and to suppress too, statements he made during an interview with agents of the FBI shortly thereafter.

A hearing on those motions was held on December 4, 2014. In support of his motion the defendant submitted a Declaration made pursuant to 28 U.S.C. § 1746 in which he avers his request to call his lawyer and to give his phone to a co-worker. DE 22. He presented no other evidence.

The government, in opposition to his motion, called two witnesses, NYPD Detective Terry Brienza and Special Agent of the FBI Linh Phung. Detective Brienza testified that he arrested the defendant in the vicinity of Central Park at Columbus Circle in execution of an arrest warrant issued by the Supreme Court, Kings County, for his failure to appear as required. Incident to that arrest, he searched the defendant and seized the cell phone. He walked the defendant a short distance to the nearby police precinct. Detective Brienza was asked by Agent Phung to notify her when the defendant was arrested. She desired to interview him in connection with an unrelated

investigation by the FBI that was underway at the time. He did notify her and she did interview him. Statements he made during that interview are sought to be suppressed based upon his claim that he was not, at the outset, given his Miranda warning and denied his request to call his lawyer.

The facts recited above are, in essence, found by the Court from the testimony of Special Agent Phung and Detective Brienza, each of whom was precisely responsive to questions put to them on direct and cross examination, and whose credibility was not in the least impaired. They were unequivocal in testifying that he never requested to call his lawyer.

It would be an affectation of research to cite authority for the validity of a search and seizure incident to a lawful arrest. The defendant's claim of not being advised of his Miranda rights was proved to be false by the receipt in evidence of government's exhibit LP2, his signed waiver of those rights.

His motions are denied. His additional motions will be heard on January 7th, 2015, at the request of the parties.

SO ORDERED.

Dated:     Brooklyn, New York
December 5, 2014

I. Leo Glasser